UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| SPENCER COLSTON, | Case No. 2:23-cv-1599 |
| Plaintiff, | |
| vs. | District Judge Edmund A. Sargus |
| | Magistrate Judge Peter B. Silvain, Jr. |
| ANDREW EDDY, M.D., | |
| Defendant. | |

# ORDER

This matter is before the court upon Plaintiff Spencer Colston's Motion to Compel Discovery (Doc. #12) and Defendant Andrew Eddy's Response in Opposition (Doc. #13).

## I. Background

Plaintiff commenced this action on May 25, 2023, against Defendant Andrew Eddy, M.D., pursuant to 42 U.S.C. § 1983. (Doc. #3). Plaintiff filed a Motion to Compel Discovery on March 22, 2024, claiming that Defendant's document production did not "accurately reflect and/or provide 'Full' disclosure" of Plaintiff's requested documents, broadly implying that Defendant did not produce all relevant medical documents requested by Plaintiff. (Doc. #12, *PageID* #85).

Defendant submitted a Response to Plaintiff's Motion to Compel on April 2, 2024, stating that Defendant's production submitted on January 8, 2024 included "medical records, reports, and documents, including all records from outside medical providers, relating to Plaintiff's alleged injury." (Doc. #13, *PageID* #89). Upon receiving Plaintiff's Motion to Compel, Defendant inquired as to any outstanding medical records at Allen Oakwood Correctional Institution, to which the Healthcare Administrator produced handwritten documents that Defendant sent to

Plaintiff in a supplemental production on April 2, 2024. *Id.* at 90. Plaintiff has not replied to Defendant's Response to Plaintiff's Motion to Compel and has also not filed any motions with this Court related to Defendant's supplemental production.

## II.     Standard of Review

The Federal Rules of Civil Procedure state that a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

If the opposing party fails to produce requested discovery documents, a party may file a motion to compel. Fed. R. Civ. P. 37(a)(1). When filing a motion to compel, the moving party must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* Additionally, pursuant to the Local Rules of this Court, the parties must first exhaust "extrajudicial means for resolving their differences" before filing a motion related to discovery. S.D. Ohio Civ. R. 37.1. *See Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-CV-116, 2010 U.S. Dist. LEXIS 35585, at *2 (S.D. Ohio Apr. 12, 2010) (McCann King, M.J.) ("The obligation of counsel to meet and confer to resolve differences as to discovery disputes is a requirement of the Federal Rules of Civil Procedure as well as of the Local Rules of this Court.").

Additionally, "[t]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enters.*, 270 F.R.D. 298, 302 (S.D. Ohio Oct. 7, 2010) (McCann King, M.J.) (citation omitted). "While a plaintiff should 'not be denied access to information necessary to establish her claim,' a plaintiff may not be 'permitted to go fishing and a trial court retains discretion to determine that a discovery request is

2

too broad and oppressive.'"  *Johnson v. Gallia Cty. Comm'rs*, No. 2:20-CV-65, 2021 U.S. Dist. LEXIS 34173, at *4 (S.D. Ohio Feb. 24, 2021) (Preston Deavers, M.J.) (quoting *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016)).

### III. Discussion

*Meet and Confer Requirement Was Not Satisfied*

Plaintiff failed to comply with not only the Local Rules of this Court, but also the Federal Rules of Civil Procedure.  See *Steinmetz v. Harrison*, No. 1:14-CV-829, 2015 U.S. Dist. LEXIS 97046, at *3 (S.D. Ohio July 24, 2015) (Litkovitz, M.J.).  Under the Local Rules of this Court, Plaintiff must exhaust all extrajudicial means for resolving discovery deficiencies prior to asking this Court to intervene.  S.D. Ohio Civ. R. 37.1.  Plaintiff must also include a certification affirming his efforts to confer with Defendant in good faith pursuant to the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 37(a)(1).

Plaintiff did not disclose any efforts to confer with Defendant prior to filing his Motion to Compel, nor did Plaintiff attach supplemental documentation to his Motion demonstrating an effort to confer with Defendant via external communications or outreach.  (Doc. #12). Additionally, Defendant noted in his Response that "Plaintiff has made no effort to contact Defendant's counsel to resolve any discovery disputes before involving the Court."  (Doc. #13, *PageID* #90).  Plaintiff could have communicated with Defendant in good faith via "telephone, letter correspondence, or email," but failed to do so. *O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 464 (S.D. Ohio 2015) (Newman, M.J.).

Plaintiff did not confer in good faith and also failed to exhaust extrajudicial remedies prior to filing his Motion to Compel Discovery.  As a result, Plaintiff's Motion to Compel Discovery did not satisfy the procedural requirements of this Court.

<u>*Motion to Compel Lacked Specificity and Direction*</u>

Plaintiff's Motion to Compel lacked not only specificity, which prevented this Court from assessing the relevance of Plaintiff's request, but it also lacked a reasonable amount of direction to assist Defendant in satisfying Plaintiff's request.

The movant "bears the initial burden of proving that the information sought is relevant," *Gruenbaum*, 270 F.R.D. at 302 (citation omitted), and "a trial court retains discretion to determine that a discovery request is too broad." *Johnson*, No. 2:20-CV-65, 2021 U.S. Dist. LEXIS 34173, at *4 (internal quotations omitted).

Plaintiff bore the burden of demonstrating the relevance of the requested information in his Motion to Compel, but Plaintiff's request lacked specificity, ultimately preventing this Court from assessing the relevance of his request.  In his Motion, Plaintiff vaguely asserted that Defendant's document production did not "accurately reflect and/or provide 'Full' disclosure" of Plaintiff's requested documents and "does not contain t[]he pertinent discovery needed to portray and/or accurately reflect what is being alleged in Plaintiff's complaint."  (Doc. #12, *PageID* #85). Plaintiff also stated that he is "entitled to [All] (sic) matters related to his medical care, treatment, diagnosis, prognosis, and any results which arose throughout his medical intervention." *Id*. Plaintiff claimed that Defendant provided a 'Selective Review of Records,' concluding that Defendant "failed to provide Plaintiff with full disclosure of the Request for Production of Documents." *Id.* at 86.  Plaintiff's Motion to Compel broadly implied that he was entitled to records related to his medical care. However, Plaintiff's Motion to Compel was vague and provided so few details that this Court cannot properly assess the relevance of Plaintiff's request.

Additionally, Plaintiff's Motion to Compel provided little to no direction to Defendant as to how to satisfy Plaintiff's request.  Plaintiff did not specify which of Defendant's responses were

4

deficient, did not indicate what kind of documents he anticipated, and did not state where his expected documents could be obtained from. Essentially, Defendant was unjustifiably forced to guess as to which documents Plaintiff sought from Defendant.

Thus, even if Plaintiff had satisfied the meet and confer requirement, Plaintiff's Motion to Compel would still be meritless because not only did the lack of specificity prevent this Court from assessing the relevance of the information sought, but it also offered Defendant little guidance as to how to satisfy Plaintiff's request.

<u>Supplemental Discovery Rendered Motion to Compel Moot</u>

Finally, Defendant's production of supplemental discovery documents on April 2, 2024 rendered Plaintiff's Motion to Compel moot.

Plaintiff's Motion to Compel vaguely implied that Defendant did not produce all relevant medical documents requested by Plaintiff. (Doc. #12). Despite Plaintiff's lack of detail as to the specific information he sought, Defendant inquired as to whether any outstanding medical records existed at Allen Oakwood Correctional Institution. (Doc. #13, *PageID* #90). In response, the Institution's Healthcare Administrator "produced twenty-two (22) pages of handwritten pharmaceutical documents" which Defendant sent to Plaintiff in a supplemental production on April 2, 2024. *Id*.

Since receiving the supplemental discovery response, Plaintiff has not replied to Defendant's Response to Plaintiff's Motion to Compel nor has he stated his dissatisfaction with Defendant's supplemental production. Plaintiff's silence following Defendant's supplemental production gives this Court the impression that Defendant's supplemental production was sufficient and, ultimately, renders Plaintiff's Motion to Compel moot.

## IT IS THEREFORE ORDERED THAT:

Plaintiff's Motion to Compel (Doc. #12) is **DENIED**.

September 24, 2024

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge