UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SPENCER COLSTON,

        **Plaintiff,**

   v.

ANDREW EDDY, M.D.,

        **Defendant.**

Case No. 2:23-cv-1599
Judge Edmund A. Sargus, Jr.
Magistrate Judge Peter B. Silvain, Jr.

## ORDER

Plaintiff Spencer Colston, a prisoner at Allen Oakwood Correctional Institution, filed this action under 42 U.S.C. § 1983. (Compl., ECF No. 3, ¶ 5–6.) He claims that Defendant Andrew Eddy, a medical doctor, violated his Eighth Amendment rights by exhibiting deliberate indifference to Mr. Colston's serious medical needs by failing to approve him for a medically necessary knee replacement surgery. (*Id.*) Mr. Colston filed an Amended Complaint more than five months later, naming six additional individual defendants. (Am. Compl., ECF No. 10.) Mr. Eddy moved for summary judgment regarding Mr. Colston's claims in the first Complaint. (Mot., ECF No. 14.) Mr. Colston responded in opposition to the Motion (ECF No. 16), and Mr. Eddy replied (ECF No. 17). Mr. Colston filed a sur-reply without seeking leave. (ECF No. 18.)

The Magistrate Judge issued a Report and Recommendation recommending that this Court strike Mr. Colston's Amended Complaint and grant Mr. Eddy's Motion. (R&R, ECF No. 20.) Mr. Colston objected to the Report and Recommendation. (Obj., ECF No. 21.) Mr. Eddy responded in opposition to Mr. Colston's Objection. (Resp., ECF No. 22.) The Magistrate Judge aptly summarized the background facts in his Report and Recommendation, and the Court need not repeat them here. (*See* R&R, PageID 413–17.) Mr. Colston does not dispute the Magistrate Judge's

characterization of the facts and the record in his Objection. (*See* Obj.)

This Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). After reviewing the Report and Recommendation, the record, and the Parties' arguments, the Court **OVERRULES** Mr. Colston's Objection (ECF No. 21) and **ADOPTS and AFFIRMS** the Report and Recommendation (ECF No. 20).

## I. Recommendation to Strike the Amended Complaint

Mr. Colston does not object to the Magistrate Judge's recommendation to strike his Amended Complaint. (*See* Obj.) Mr. Colston filed the Amended Complaint more than 21 days after filing his first Complaint and did not seek the opposing party's consent or leave of court to do so. Accordingly, the Amended Complaint is improper under Rule 15 of the Federal Rules of Civil Procedure, as the Magistrate Judge concluded. (R&R, PageID 417–18.) Therefore, Mr. Colston's Amended Complaint is **STRICKEN**. (ECF No. 10.) The six additional individual defendants named by Mr. Colston in the Amended Complaint are **DROPPED** as parties to this case. *See* Fed. R. Civ. P. 21 ("[T]he court may at any time, on just terms, add or drop a party.").

## II. Recommendation to Grant Mr. Eddy's Motion for Summary Judgment

Mr. Colston contends that Mr. Eddy exhibited deliberate indifference to his serious medical needs by refusing to approve Mr. Colston's request for a knee replacement surgery. (Compl., ¶ 5.) He brings this action against Mr. Eddy under 42 U.S.C. § 1983 in his individual capacity and his official capacity as an officer of the state. (*Id.*, ¶ 9.)

### a. Legal Standard

To prove a deliberate indifference claim under the Eighth Amendment to the United States

Constitution, a prisoner must show that they had a "sufficiently serious" medical need (the objective component) and that prison officials had "a sufficiently culpable state of mind" in denying medical care (the subjective component). *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895–96 (6th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 834–35 (1994)). A medical need is "sufficiently serious" if it either "has been diagnosed by a physician as mandating treatment" or "is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (citing *Blackmore* at 897) (internal quotation marks omitted). To satisfy the subjective component, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer* at 837.

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993). To avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact as to at least one essential element on each of Plaintiff's claims. *See Celotex Corp.*,

3

477 U.S. at 323–24 (1986). The non-moving party then must present sufficient evidence from which a jury could reasonably find for them. *See Anderson Liberty Lobby*, 477 U.S. at 249. The court must determine "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

### b. The Magistrate Judge's Recommendation

The Magistrate Judge found that Mr. Colston received medical treatment for his knee condition, "including multiple examinations, numerous x-rays, a knee brace, a cane, steroid injections, and pain medications," since May 2020. (R&R, PageID 422.) He further concluded that Mr. Colston has not provided expert medical testimony showing either the medical necessity of a knee replacement surgery or the detrimental effects of his alleged inadequate treatment. (*Id.*); *see Anthony v. Swanson*, 701 F. App'x 460, 464 (6th Cir. 2017) (Where a plaintiff claims he was denied a specific medical treatment, the plaintiff "must present a medical expert who can speak to the necessity of such a treatment and evaluate it vis-à-vis the treatment he received.") The Magistrate Judge thus concluded that Mr. Colston does not present a genuine issue of material fact regarding the objective component of the deliberate indifference test. (R&R, PageID 422–43.)

The Magistrate Judge further concluded that Mr. Colston's claim could not proceed because he does not show a constitutional violation occurred and thus "is unable to carry his burden to show that Defendant is not entitled to qualified immunity." (*Id.*, PageID 424.)

### c. Mr. Colston's Objection

Mr. Colston objects to the Magistrate Judge's conclusion that he fails to satisfy the objective component of the deliberate indifference test—that he had a sufficiently serious medical need—and his conclusion that Mr. Eddy is entitled to qualified immunity. (Obj., PageID 427–29.)

4

To support his argument that he has shown a sufficiently serious medical need, Mr. Colston attaches a copy of an article on Patellofemoral Arthritis from the website of the American Academy of Orthopaedic Surgeons. (*See* ECF No. 21-1.) He argues that his condition meets the criteria for potential surgical treatment based on that article. (Obj., PageID 427–28.) But the test requires the opinion of a medical expert, and the article does not reflect the view of an expert who has reviewed his records. And, according to Mr. Colston's medical records, none of the medical providers who examined Mr. Colston recommended a knee replacement. (*See* ECF No. 14-1.) Mr. Colston contends he is prevented from seeking an independent medical opinion outside of the Ohio Department of Rehabilitation and Correction's ("ODRC") contracts under ODRC Policy 68-MED-01. (*Id.*) But he did not raise this policy before the Magistrate Judge in his response to Mr. Eddy's Motion for Summary Judgment. (*See* ECF No. 16.) Because "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived," this Court does not consider that argument. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Mr. Colston's Objection on the grounds that he had a sufficiently serious medical need is **OVERRULED**.

Additionally, Mr. Colston does not meet his burden to show that Mr. Eddy is not entitled to qualified immunity. *See Ciminillo v. Streicher*, 434 F.3d 461, 466 (6th Cir. 2006) ("When the defense of qualified immunity is raised, it is the plaintiff's burden to prove that the state officials are not entitled to qualified immunity."). "Determining whether government officials are entitled to qualified immunity generally requires two inquiries: 'First, viewing the facts in the light most favorable to the plaintiff, has the plaintiff shown that a constitutional violation has occurred? Second, was the right clearly established at the time of the violation?'" *Miller v. Sanilac Cnty.*, 606 F.3d 240, 247 (6th Cir. 2010) (quoting *Phillips v. Roane County*, 534 F.3d 531, 538–39 (6th Cir. 2008)). Given that the Court rejects Mr. Colston's argument on the underlying constitutional

5

violation, he also cannot meet his burden regarding qualified immunity. Regardless, Mr. Colston merely objects to the Magistrate Judge's conclusion regarding qualified immunity and does not present a legal argument to support his objection. (*See* Obj.). Accordingly, Mr. Colston's Objection on the grounds that Mr. Eddy was not entitled to qualified immunity is **OVERRULED**.

## CONCLUSION

For the reasons stated above, the Court **OVERRULES** Mr. Colston's Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 21.) The Report and Recommendation is **ADOPTED** and **AFFIRMED**. (ECF No. 20.) Mr. Colston's Amended Complaint is **STRICKEN**, and the six additional individual defendants he named in the Amended Complaint are **DROPPED** as parties from this case. (ECF No. 10.) Further, the Court **GRANTS** Mr. Eddy's Motion for Summary Judgment. (ECF No. 14.)

The Clerk is **DIRECTED** to enter judgment and terminate this case on the Court's docket.

**IT IS SO ORDERED.**


**1/7/2025**                           s/Edmund A. Sargus, Jr.
**DATE**                                  **EDMUND A. SARGUS, JR.**
                                             **UNITED STATES DISTRICT JUDGE**